Juan I. Sosa y Escobar, Plaintiff and Appellant, *v.* Pedro Manzano-Aviñó, Judge of the Municipal Court of San Juan, Defendant and Appellee.—Carmen Escobar, Intervenor and Appellee.

No. 3977. Argued November 22, 1926.—Decided May 10, 1927.

*Manuel A. Martínez Dávila* and *José Martínez Dávila* for the appellant. *Enrique Campillo* for the intervenor and appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This is a motion to dismiss an appeal taken from a final

judgment rendered by the District Court of San Juan in certiorari. The ground alleged is that the transcript of the record was not filed in time.

All depends on whether or not there is a valid statement of the case. If there is, the transcript was filed in time. If there is not, the time fixed by law had more than expired.

From the record it appears that the Municipal Court of San Juan took jurisdiction of an action of unlawful detainer involving a property situated in Rio Piedras on the ground that the parties had submitted expressly to its jurisdiction in the contract of lease for the breach of which the action was brought.

The municipal court rendered judgment for the plaintiff. The defendant did not appeal, but instituted certiorari proceedings in the District Court of San Juan and the writ was issued. Pursuant thereto the respondent judge sent up the record in the unlawful detainer case. The plaintiff in the original action moved to be admitted as a party to the certiorari proceedings, which was granted, and the case was heard, as certified by the clerk of the district court, thus:

"The case was called for trial with the appearance of the petitioner and the intervenor who said that they were ready. The attorneys for the parties read their respective briefs and argued the case orally, and then the case was finally submitted to the court which reserved its decision."

The district court dismissed the certiorari proceedings and from that ruling the present appeal was taken.

We think it proper to transcribe the following from the opinion of the district judge as grounds for his judgment:

"As shown by the return the following are the established facts in the case:

"By public deed of September 28, 1922, executed before notary Carlos García de la Noceda, a contract of lease was entered into by Juan I. Sosa y Escobar, as lessee, and Carmen Escobar, as lessor, on a rural property situated in the municipality of Río Piedras, for the

monthly rent of $75 which computed by the year does not exceed $1000. Said deed contains the following stipulation:

" '. . . . ; the parties agree *to submit to the jurisdiction and competency* of the municipal courts of the city of San Juan in all actions and proceedings which might arise from the non-performance of the aforesaid contract.'

"Under the foregoing clause of *express submission* Carmen Escobar brought an action of unlawful detainer for non-payment of rent, against the lessee of the property, Juan I. Sosa y Escobar, before the first municipal court of San Juan.

"The defendant answered the complaint and filed a motion for a change of venue to the municipal court of Río Piedras, which motion was dismissed in both instances. The case was prosecuted in the second municipal court of San Juan which rendered judgment against the defendant on May 19, 1926, from which no appeal was taken for the reasons alleged in the eighth averment of the petition in certiorari.

"The present petition in certiorari aims to vacate the judgment of the second municipal court of San Juan on the ground that the court had no jurisdiction of the case.

"The real and only question to be decided in the present action is the following:

" 'Whether the *express submission* of the parties to a certain court is within the scope of the special proceeding of unlawful detainer in Porto Rico.' Let us see. In the first place the parties to the contract of lease expressly submitted to the municipal courts of San Juan as regards all the actions and proceedings arising from the non-performance of the contract referred to.

"In the case of *Byron et al.* v. *García et al.*, 17 P.R.R. 513, the Supreme Court of Porto Rico clearly established the difference between jurisdiction and competency, and set up the following rules:

" 'Therefore, while jurisdiction can not be conferred by consent of the parties, the contrary holds with respect to competency. If by virtue of law a court lacks jurisdiction to take cognizance of an action, the consent of the parties can never confer such jurisdiction. On the other hand, if a court lacks competency to take cognizance of an action, it acquires such competency, if it has jurisdiction of said action, by agreement or submission of the parties in accordance with sections 76 and 77 of the Code of Civil Procedure.'

"Under section 3 of the Unlawful Detainer Act of 1905 all the municipal courts of Porto Rico have jurisdiction to hear and deter-

mine actions of unlawful detainer like the present where the rental computed yearly does not exceed $1000; therefore, the second municipal court of San Juan had jurisdiction to hear and determine the action of unlawful detainer involved in this certiorari; and, moreover, the aforesaid municipal court of San Juan had competency to hear the action by virtue, of the express submission of the parties made in accordance with sections 76 and 77 of the Code of Civil Procedure.

"There is nothing in the Unlawful Detainer Act of 1905 prohibiting the express submission to a court."

After this appeal had been taken the appellant moved for permission to file a statement of the case. He filed as such the pleading which we shall examine later and it was approved by the district court. A certified copy thereof was filed in this Supreme Court after the motion to dismiss had been submitted and argued, but within the extensions of time opportunely granted.

It seems from the foregoing that the motion to dismiss should be overruled because there is a statement of the case. But it is not so. The appellant named the document submitted by him to the district court a statement of the case; it was so approved by the district court, and was filed as such by the appellant in this Supreme Court.

That document contains only the copy of the return of the respondent municipal judge. No evidence was heard in the certiorari proceeding. There was only the petition, the return, that is to say the record in the case of unlawful detainer sent up by the respondent judge as his answer, the motion of intervention by the plaintiff in the unlawful detainer case, the statement of facts and opinion of the court, the judgment, and the notice of appeal. All the existing documents formed part of the judgment roll at the time of the appeal. The record of the appeal was, therefore, ready. There was nothing to be embodied therein by means of a statement of the case, and in such case the transcript had to be filed within a month, or such extension thereof granted to that effect on application, a. time which in the present

case had more than expired since the decision appealed from had been rendered in June, 1926. For a wider consideration of this matter see the opinion of this court in *Municipal Assembly of Santa Isabel* v. *District Court of Guayama,* *ante,* page 650.

The appellant unnecessarily applied for a term to file a statement of the case and then abandoned it. The appellee is entitled to have the appeal dismissed.

But if discretion of this court be invoked on the ground that the error was committed in good faith because it is not a case of a jurisdictional term, and in view of the diligence shown in the preparation of the transcript, we would say that the merits of the case did not warrant such exercise of discretion. We have transcribed what is pertinent from the opinion of the district judge and no great effort is required to conclude that the appeal was frivolous. We should mention that this question as to the appeal's being frivolous was raised by the appellee, argued on both sides and its determination postponed. A wider consideration of the case by reason of the new motion by the appellee has convinced the court of the justice of the first petition.

The motion must be sustained and the appeal dismissed.